**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL U. SEQUEIRA OSORTO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-72162

Agency No. A209-240-020

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2021**
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Michael Sequeira Osorto seeks review of a decision of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) to

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deny his motion to reopen and rescind his order of removal entered in absentia. We have jurisdiction under 8 U.S.C. § 1252.

Because Sequeira conceded that he received actual notice of the hearing in which he was ordered removed in absentia, and because the notice met the applicable statutory requirements, *see* 8 U.S.C. § 1229a(b)(5)(C)(ii), we reject Sequeira's argument that he did not receive notice because he relied on statements by a government employee that he did not need to attend the hearing. Therefore, the IJ and BIA did not err in concluding that Sequeira's in absentia removal order could be rescinded only if he "demonstrate[d] that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The BIA and IJ did not abuse their discretion in ruling that Sequeira's decision to rely on the oral statements of an unnamed government employee instead of the official, written notice of the hearing failed to demonstrate "exceptional circumstances" beyond Sequeira's control. *See Singh-Bhathal v. INS*, 170 F.3d 943, 946-47 (9th Cir. 1999); 8 U.S.C. § 1229a(e)(1). We lack jurisdiction to review the IJ and the BIA's decision not to reopen the removal proceedings sua sponte. *See Lona v. Barr*, 958 F.3d 1225, 1236–37 (9th Cir. 2020).

We reject Sequeira's argument that the BIA and IJ abused their discretion by failing to consider the merits of his asylum eligibility, because Sequeira failed to

submit an application for asylum relief with his motion to reopen. *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014).

Sequeira's claims that he was defrauded by the government and that he is prima facie eligible for protection or withholding for removal are unexhausted, and therefore we lack jurisdiction to reach the merits of those claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**DISMISSED IN PART AND DENIED IN PART.**